**FOURTH DIVISION**
**DOYLE, P. J.,**
**MARKLE, J., and SENIOR APPELLATE JUDGE PHIPPS**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**March 28, 2022**

# In the Court of Appeals of Georgia

A19A2267. STAR RESIDENTIAL, LLC et al. v. HERNANDEZ.

DOYLE, Presiding Judge.

In *Star Residential, LLC v. Hernandez* ("*Hernandez I*"),[1] this Court addressed an interlocutory appeal by Star Residential, LLC, and Terraces at Brookhaven, LLC ("the Defendants"), challenging the trial court's denial of their motion to dismiss claims brought by Manuel Hernandez for nuisance predicated on the Georgia Street Gang Terrorism and Prevention Act[2] ("GSGTPA")[3] and negligence per se based on

---

[1] 354 Ga. App. 629 (841 SE2d 392) (2020).

[2] OCGA § 16-15-1 et seq.

[3] OCGA § 16-15-7 (c) provides in part that "[a]ny person who is injured by reason of criminal gang activity shall have a cause of action for three times the actual damages sustained and, where appropriate, punitive damages. . . ."

alleged code violations. In that case, this Court affirmed the trial court's denial of the Defendants' motion to dismiss those claims.[4]

The Supreme Court of Georgia granted the Defendants' petition for certiorari to examine this Court's holding with respect to the civil liability provision of the GSGTPA.[5] The Supreme Court reversed this Court's judgment, ruling that the GSGTPA does not create a private cause of action for nuisance and that Hernandez cannot pursue a private cause of action against the Defendants for treble and punitive damages under OCGA § 16-15-7 (c) based on the facts alleged in his complaint. Accordingly, the Supreme Court reversed this Court's judgment as to those issues.[6]

We hereby vacate Division 1 of our earlier opinion and remand to the trial court for proceedings consistent with this opinion.

*Judgment affirmed in part and reversed in part. Markle, J., and Senior Appellate Judge Phipps concur.*

---

[4] See id. at 629.

[5] See *Star Residential, LLC v. Hernandez*, Case No. S20C1214, 2020 Ga. LEXIS 897 (November 2, 2020).

[6] See *Star Residential, LLC v. Hernandez*, 311 Ga. 784, 790 (1) (860 SE2d 726) (2021). The Supreme Court did not address Division 2 of *Hernandez I* regarding negligence per se. Accordingly, that division remains binding upon return of the remittitur. See *Callaway v. Garner*, 333 Ga. App. 747, n.1 (776 SE2d 829) (2015).